DA 12-0391

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 134N

CITY OF MISSOULA,

   Plaintiff and Appellee,

 v.

ROBERT OSCAR WALKER,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
       In and For the County of Missoula, Cause No. DC-12-24
       Honorable Edward McLean, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Wade Zolynski, Chief Appellate Defender, Nicholas Domitrovich,
      Assistant Appellate Defender, Helena, Montana

   For Appellee:

      Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
      Attorney General, Helena, Montana

      Jim Nugent, Missoula City Attorney, Andrew Scott, Assistant City
      Attorney, Missoula, Montana

         Submitted on Briefs: March 27, 2013

             Decided: May 14, 2013

Filed:

           Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Robert Walker was charged with misdemeanor criminal trespass and misdemeanor partner/family member assault (PFMA).  Following a bench trial, he was acquitted of trespass but convicted of PFMA.  Walker appeals his PFMA conviction.  We affirm.

¶3      In June 2011, Walker entered the apartment of his ex-girlfriend Debra Hemmer while she was not at home.  He testified that he did this regularly to clean her apartment and to help her in other ways.  On this particular day when she returned home, Walker became frustrated with Hemmer because he claimed she was not taking care of herself adequately.  He alleged she was intoxicated.  He stated that when he spoke to her she looked down instead of at him so he lifted her chin and tapped her on the head to "get her attention."  Hemmer became frightened, told him to leave and called the police.  Walker left before the police arrived.  When Officer Poling arrived, Hemmer claimed Walker had frightened her and caused her physical pain that she was still experiencing.  Following the interview with Hemmer, Poling found Walker on the street.  He was arrested and charged shortly thereafter.

¶4      In December 2011, Walker and Poling testified at Walker's Municipal Court bench trial.  Hemmer did not testify.  Poling stated that at the time she responded to

2

Hemmer's call and interviewed Hemmer, she saw no evidence that Hemmer was intoxicated. However, a short time later when she picked up Walker, Walker displayed signs of intoxication. Walker testified that he raised his voice to Hemmer and he might have "hit her kind of hard" but he never intended to hurt her. The court found Hemmer not guilty of criminal trespass but guilty of PFMA. It pronounced sentence from the bench. The sentence was stayed pending appeal of the conviction to the Fourth Judicial District Court. The District Court's two sentence order, containing no factual findings or rationale, denied Walker's appeal and remanded the case for imposition of sentence. Walker filed a timely appeal to this Court. On appeal Walker claims that the evidence before the court was insufficient to support his conviction of PFMA and his conviction should be overturned.

¶5 Section 45-5-206(1)(a), MCA, provides: "A person commits the offense of partner or family member assault if the person purposely or knowingly causes bodily injury to a partner or family member." "Partners" is defined as "spouses . . . and persons who have been or are currently in a dating . . . relationship . . . ." Section 45-5-206(1)(b), MCA. "Bodily injury" is "physical pain, illness, or an impairment of physical condition and includes mental illness or impairment." Section 45-2-101(5), MCA. Walker argues on appeal that there was no evidence presented that he "purposely or knowingly" caused Hemmer bodily injury.

¶6 As we noted in *State v. Bay*, 2003 MT 224, ¶ 16, 317 Mont. 181, 75 P.3d 1265, "[a] person's mental state rarely can be proved by direct evidence; it usually must be inferred from the facts and circumstances about which the witnesses testify. Indeed, a

3

defendant's mental state may be inferred from his or her actions and the facts and circumstances connected with the offense charged." (Internal citations omitted.) *See also* § 45-2-103(3), MCA. In *Bay*, Bay attempted to leave the courtroom after the judge pronounced her in contempt. An officer blocked her exit and Bay pushed the officer very hard and caused the officer to fall back in pain. A struggle ensued and as the officer was attempting to restrain Bay, the officer collapsed in pain when her knee gave out. *Bay*, ¶ 5. Bay left the courtroom but was arrested a short time later and charged with assault of a peace officer and resisting arrest. *Bay*, ¶¶ 8-9.

¶7      As does Walker, Bay argued that "the State did not present sufficient evidence regarding the requisite mental state for the offense because she did not purposely or knowingly cause bodily injury to [the officer]." *Bay*, ¶ 12. We determined, however, that "we need not determine whether Bay purposely or knowingly caused [the officer's] knee injury; we need only examine the evidence—in the light most favorable to the prosecution—to determine whether it would permit a rational jury to find the elements of assault on a peace officer beyond a reasonable doubt." *Bay*, ¶ 13. Based upon Bay's agitated courtroom demeanor, her hostile tone with the judge, her stated intention to not being taken into custody on a contempt charge, and the fact she physically shoved the officer "very hard," we concluded that a "jury could reasonably infer that Bay was aware of the high probability that her conduct in shoving [the officer] hard enough to knock [her] backwards would result in physical pain . . . and therefore, that Bay acted 'knowingly.' " *Bay*, ¶ 18.

4

¶8 In the case before us, while not convicted of criminal trespass, Walker nonetheless entered Hemmer's home on that day without her invitation or permission and while she was not there. He admitted that he was upset with Hemmer, he yelled at her, he took her face in his hands, he poked at her head with his fingers, and he may have hit her "kind of hard." He then left her apartment when Hemmer called the authorities. As with the *Bay* evidence, this testimony in addition to the evidence presented by the officer obtained during her interview with Hemmer is sufficient to convict Walker of PFMA under § 45-5-206(1)(a), MCA.

¶9 Having determined that there was sufficient evidence to find Walker guilty of PFMA, we need not address Walker's complaint that the District Court's order affirming the Municipal Court's conviction was inadequate or his claim that the District Court did not review the Municipal Court record adequately.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted. We therefore affirm the District Court.


/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ LAURIE McKINNON
/S/ JIM RICE